UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHWANI A.,[1] <br><br> Petitioner, <br><br> v. <br><br> TONYA ANDREWS, et al., <br><br> Respondents. | No. 1:26-CV-01512-TLN-AC <br><br><br> **ORDER** |

This matter is before the Court on Petitioner Ashwani A.'s ("Petitioner") Petition for Writ of Habeas Corpus ("the Petition"). (ECF No. 1.) Respondents filed an opposition.[2] (ECF No. 7.) For the reasons set forth below, the Petition is GRANTED and Respondents are ordered to IMMEDIATELY RELEASE Petitioner.

///

///

---

[1]   As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only his first name and last initial, to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2]   In opposition to Petitioner's motion for temporary restraining order (ECF No. 2), Respondents waived a hearing and requested the Court rule directly on the Petition if the Court was inclined to grant injunctive relief. (ECF No. 7 at 2.) The Court now obliges.

1

I.  **FACTUAL AND PROCEDURAL BACKGROUND**[3]

Petitioner is a citizen of India and an asylum applicant in the United States. (ECF No. 1 at 3, 5.) Petitioner first came to the United States on October 7, 2023 and he has resided here since. (*Id.* at 5.) On October 9, 2023, Petitioner was issued a Notice to Appear in immigration court and released from custody. (*Id.* at 16.)

Thereafter, Petitioner applied for asylum and the Government granted him authorization to work. (*Id.* at 3.) Petitioner was employed in 2025. (*See id.* at 6.) Petitioner is also the beneficiary of a Form I-360 submitted by his court-appointed guardian, which was approved by U.S. Citizenship and Immigration Services ("USCIS") on February 14, 2025. (*Id.* at 5, 14.) USCIS's approval stated "USCIS has determined that you warrant a favorable exercise of discretion to received deferred action. . . . Your grant of deferred action will remain in effect for a period of four years from the date of this notice unless terminated earlier by USCIS." (*Id.* at 14.) Petitioner acquired Special Immigrant Juvenile Status and has a legal pathway for adjusting his status. (*Id.* at 5.) Petitioner's removal proceedings and applications for immigration relief are still pending.

Petitioner has complied with the conditions of his release from immigration custody and he regularly attended his scheduled ICE appointments. (*Id.* at 3.) Petitioner has no criminal history. (*Id.*)

Nevertheless, on December 5, 2025, U.S. Immigration and Customs Enforcement detained Petitioner at a scheduled check-in without notice or explanation. (*Id.* at 3, 6.) While in detention, Petitioner requested a custody redetermination hearing. (*Id.* at 5.) On January 5, 2026, an immigration judge denied Petitioner's request for lack of jurisdiction, citing *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).[4] (ECF No. 1 at 11–12.)

Petitioner has now been detained for nearly three months without a bond hearing. (ECF

---

[3] The facts are not disputed.

[4] The *Maldonado Bautista* court has vacated *Matter of Yajure Hurtado* as contrary to law under the Administrative Procedure Act. *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284, at *12 (C.D. Cal. Feb. 18, 2026). Respondents acknowledge this ruling in their brief. (ECF No. 7 at 2 n.2.)

1   No. 1 at 6.)  Petitioner challenges the lawfulness of his civil detention through the Petition and a
2   Motion for TRO.  (ECF Nos. 1, 2.)  The Court now considers the Petition on the merits.

## II.    STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    ANALYSIS

Petitioner claims his detention without a bond hearing violates the Immigration and Nationality Act ("INA") 8 U.S.C. § 1226(a).[5]  (ECF No. 1 at 7–8.)  In opposition, Respondents contend Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), but they "acknowledge that the weight of authority is not in their favor."  (ECF No. 7 at 2.)

Under the INA, § 1226(a) "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal."  *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022).  Section 1226(a) provides the Government broad discretion whether to release or detain the individual and it provides several layers of review for

---

[5]    Petitioner also alleges Respondents failure to provide a bond hearing violates the *Maldonado Bautista* court order declaring members of the Bond Eligible Class are entitled to a hearing under § 1226(a). *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713982, at *7 (C.D. Cal. Dec. 18, 2025).  Respondents did not dispute Petitioner's contention that he is a member of the Bond Eligible Class.  (*See* ECF No. 7.)  However, finding relief warranted under Petitioner's statutory claim, the Court need not assess Petitioner's class member status.

1  an initial custody determination. *Id.* It also confers "an initial bond hearing before a neutral
2  decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to
3  appeal, and the right to seek a new hearing when circumstances materially change." *Id.* at 1202.
4  Conversely, § 1225(b)(2) mandates detention during removal proceedings for "applicants for
5  admission" who are "seeking admission" and does not provide for a bond hearing.

6  Until the U.S. Department of Homeland Security changed its policy in July 2025, the
7  Government consistently applied § 1226(a), not § 1225(b)(2), to noncitizens residing in the
8  United States who were detained by immigration authorities and subject to removal.

9  The vast majority of courts across this Circuit, including this one, have repeatedly rejected
10 Respondents' argument on the applicability of § 1225(b)(2) to persons like Petitioner who reside
11 in the United States. *See Morales-Flores v. Lyons*, No. 1:25-CV-01640-TLN-EFB, 2025 WL
12 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (explaining this Court's reasons for taking this position
13 and collecting cases); *see also Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM,
14 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025) (issuing vacatur of unlawful DHS July Policy for a
15 nationwide certified class). "These courts examined the text, structure, agency application, and
16 legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking
17 admission,' a category that does not include noncitizens like [Petitioner], living in the interior of
18 the country." *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *8 (N.D.
19 Cal. Sept. 12, 2025) (collecting cases). In comparison, "[t]he government's proposed reading of
20 the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the
21 relationship between sections 1225 and 1226; (3) would render a recent amendment to section
22 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and
23 practice." *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4
24 (E.D. Cal. Sept. 23, 2025) (collecting cases).

25 For these reasons and consistent with this Court's numerous prior rulings, the Court finds
26 Petitioner is not an applicant for admission subject to mandatory detention under § 1225(b)(2).
27 Rather, Petitioner's detention was governed by § 1226(a) and he was entitled to the process
28 required by that provision including, at minimum, a bond hearing. In nearly three months of

detention, Respondents provided no such hearing. (ECF No. 1 at 6.) Therefore, Respondents violated § 1226(a) of the INA. Petitioner is thus detained in violation of federal law and he must be released. *See* 28 U.S.C. § 2241(c)(3).

### IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED:[6]

1. Petitioner's Petititon for Writ of Habeas Corpus (ECF No. 1) is GRANTED.
2. Petitioner's Motion for Temporary Restraining Order (ECF No. 2) is MOOT.
3. Respondents must IMMEDIATELY RELEASE Petitioner ASHWANI A. from custody under the same conditions he was released prior to his current detention. Respondents shall not impose any additional restrictions on him, unless such restrictions are determined to be necessary at a future pre-deprivation/custody hearing.
4. To avoid further irreparable harm and protect the public interest, Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk. At any such hearing, Petitioner shall be allowed to have counsel present.
5. The Clerk of the Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: March 4, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

---

[6] Petitioner also sought an award of attorney's fees and costs under the Equal Access to Justice Act. (ECF No. 1 at 8.) The Court will consider any timely filed request for fees and costs on a properly noticed and supported motion.